IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03405-RBJ-MJW

KEITH WAYNE HUGHES,

Plaintiff,

v.

JACOB JOSEPH LEW,

Defendant.

## ORDER TO SHOW CAUSE

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge R. Brooke Jackson on December 29, 2014 (Docket No. 3). On December 30, 2014, this court entered an Order (Docket No. 4) setting a status conference for January 28, 2015, at 10:00 a.m. Plaintiff was advised that "failure to appear for this conference may very well result in the imposition of sanctions, which could include a recommendation that this action be dismissed with prejudice." (Docket No. 4.)

On January 28, 2015, at 10:00 a.m., neither Plaintiff nor anyone on his behalf appeared for the status conference. The Court granted a brief grace period and began the conference at approximately 10:05 a.m. An attorney from the U.S. Department of Justice appeared on behalf of Defendant via telephone.

The weather on January 28, 2015, was clear and sunny with no inclement conditions that might have delayed Plaintiff or prevented him from appearing. The

Court received no motion, phone call, or other communication from Plaintiff requesting that the status conference be postponed or rescheduled.

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**ORDERED** that on **February 20, 2015, at 9:30 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which **Plaintiff Keith Wayne Hughes shall appear in person** and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). In addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendant's attorney fees and costs and a finding and order of contempt.

Dated: January 28, 2015                             s/ Michael J. Watanabe
       Denver, Colorado                       Michael J. Watanabe
                                                      United States Magistrate Judge