# Keith Wayne
## C/O Registered Mail
454 Buckeye Ave
Easton, Colorado.
[80615]



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 3 2015

JEFFREY P. COLWELL
CLERK

United States District Court
for the District of Colorado
901 19th Street – A105
Denver, Colorado [80294]

Registered Mail #RA

Dear Clerk;

    Please file this refusal for cause in the case jacket of Article III case **14-CV-03405**. This is evidence if this presenter claims I have obligations to perform or makes false claims against me in the future. A copy of this instruction has been sent with the original refusal for cause back to the presenter in a timely fashion.

### Certificate of Mailing

    My signature below expresses that I have mailed a copy of the presentment, refused for cause with the original clerk instruction to the district court and the original presentment, refused for cause in red ink and a copy of this clerk instruction has been mailed registered mail as indicated back to the presenter within a few days of presentment.

_Keith Wayne_
Keith Wayne

---

**Receipt for Registered Mail** — PS Form 3806, May 2004

Registered No. RR525847705US
Reg. Fee $11.95
Handling Charge $0.00
Postage $0.49
Return Receipt $0.00
Restricted Delivery $0.00
Date Stamp 0401 15 01/30/15
Customer Must Declare Full Value $0.00

FROM: Keith Wayne, 454 Buckeye Ave, Eaton, CO 80615
TO: United States District Court, 901 19th Street – A105, Denver, CO 80294

PS Form 3817 Certificate of Mailing

U.S. POSTAGE PAID GREELEY, CO 80634 JAN 30, '15 AMOUNT $1.30 00100026-15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03405-RBJ-MJW

KEITH WAYNE HUGHES,

Plaintiff,

v.

JACOB JOSEPH LEW,

Defendant.



*Refused For Cause*

## ORDER TO SHOW CAUSE

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge R. Brooke Jackson on December 29, 2014 (Docket No. 3). On December 30, 2014, this court entered an Order (Docket No. 4) setting a status conference for January 28, 2015, at 10:00 a.m. Plaintiff was advised that "failure to appear for this conference may very well result in the imposition of sanctions, which could include a recommendation that this action be dismissed with prejudice." (Docket No. 4.)

On January 28, 2015, at 10:00 a.m., neither Plaintiff nor anyone on his behalf appeared for the status conference. The Court granted a brief grace period and began the conference at approximately 10:05 a.m. An attorney from the U.S. Department of Justice appeared on behalf of Defendant via telephone.

The weather on January 28, 2015, was clear and sunny with no inclement conditions that might have delayed Plaintiff or prevented him from appearing. The

*[Handwritten annotation: REFUSAL FOR CAUSE]*

2

Court received no motion, phone call, or other communication from Plaintiff requesting that the status conference be postponed or rescheduled.

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part;**
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its

*REFUSAL FOR CAUSE*

3

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**ORDERED** that on **February 20, 2015, at 9:30 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which **Plaintiff Keith Wayne Hughes shall appear in person** and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). In addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendant's attorney fees and costs and a finding and order of contempt.

Dated: January 28, 2015  
Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge