IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03405-RBJ-MJW

KEITH WAYNE HUGHES,

Plaintiff,

v.

JACOB JOSEPH LEW,

Defendant.

## REPORT & RECOMMENDATION
on

## ORDER TO SHOW CAUSE
(Docket No. 14)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to an Order of Reference issued by Judge R. Brooke Jackson on December 29, 2014.  (Docket No. 3.)  On December 30, 2014, this Court entered an Order (Docket No. 4) setting a status conference for January 28, 2015, at 10:00 a.m.  Plaintiff was advised that "failure to appear for this conference may very well result in the imposition of sanctions, which could include a recommendation that this action be dismissed with prejudice." (Docket No. 4.)  Plaintiff did not appear at that conference, and as a result the Court entered an Order to Show Cause.  (Docket Nos. 13, 14.)  The Order to Show Cause directed Plaintiff to appear before the Court, in person, on February 20, 2015, at 9:30 a.m., and show cause why the case should not be dismissed for failure to obey court orders and for lack of prosecution.  (Docket No. 14.)

2

The Clerk of Court mailed the notice to Plaintiff. (*Id.*) Further, the record conclusively establishes that Plaintiff actually received the Court's Order to Show Cause—because Plaintiff returned it to the Clerk of Court with the words "refused for cause" and "refusal for cause" written on each page. (Docket Nos. 15, 21.) Plaintiff also returned both the Court's initial order setting a status conference and the district judge's order of reference to a magistrate judge, again with "refusal for cause" written on each page. (Docket Nos. 16, 22, 23.) The Court therefore finds that Plaintiff had actual notice and is fully aware that he was ordered to appear in Court on January 28, 2015, and on February 20, 2015.

The Show Cause Hearing was held on February 20, 2015. (Docket No. 24.) Plaintiff failed to appear at the Show Cause Hearing, did not seek a continuance, and did not telephone the court at any time to make the court aware of any unavoidable reason for noncompliance. (*Id.*) An attorney for the U.S. Department of Justice appeared by telephone. (*Id.*) No entry of appearance was made by any attorney on Plaintiff's behalf. (*Id.*) The weather in Denver was clear, with no indication of hazardous or inclement conditions that might have caused delay. The Court granted a ten-minute grace period and began the hearing without Plaintiff at 9:40 a.m. (*Id.*) Based on Plaintiff's failure to appear, and failure to show cause for his failure to appear at the January 28th status conference, the Court hereby makes its Order to Show Cause absolute.

3

**Discussion**

*I.     Lack of Prosecution*

Rule 41 of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  The Court finds that Plaintiff has failed to comply with two orders of this Court: the order to appear at a status conference, and the order to show cause (and to attend a show cause hearing) why the case should not be dismissed in whole or in part.  The Court further finds that Plaintiff is not prosecuting his claims with any reasonable diligence and has not complied with Rules 4, 16, and 26 of the Federal Rules of Civil Procedure.  The Court concludes that dismissal is appropriate under Rule 41(b).

Further, Rule 16 provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), in turn, permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

4

      (iv) staying further proceedings until the order is obeyed;

      (v) *dismissing the action or proceeding in whole or in part*;

      (vi) rendering a default judgment against the disobedient party; or

      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  The Court finds that in this case dismissal is an appropriate sanction under Rule 16(f).

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that this case be dismissed with prejudice as to all Defendants under Federal Rules of Civil Procedure 16(f) and 41(b), with costs taxed to Plaintiff under Rule 54(d)(1).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: February 20, 2015         */s/ Michael J. Watanabe*
      Denver, Colorado            Michael J. Watanabe
                                     United States Magistrate Judge